UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antonio Romero Williams,                                  Civ. No. 10-2610 (PAM/FLN)

          Petitioner,

v.                                                                                    **ORDER**

Bruce Reiser,

          Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated May 25, 2011. In the R&R, Magistrate Judge Noel recommends the dismissal with prejudice of Petitioner Antonio Romero Williams's Petition for a Writ of Habeas Corpus. Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The R&R determined that Petitioner had procedurally defaulted on the claims raised in the Petition because he did not present those claims to the Minnesota Supreme Court on appeal from his state-court conviction and sentence. The relevant habeas statute provides that a habeas petition "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Section 2254(b)(1)'s exhaustion requirement has two components: first, the state must provide an available remedy for the alleged violations of the petitioner's rights; and second, the habeas petitioner must have "fairly presented" all of the claims raised in the habeas petition to the state court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). As the O'Sullivan Court noted, "[c]omity [] dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." Id.

Petitioner claims that, under Minnesota law, he did not have the right to present all of his pro se claims to the Minnesota Supreme Court, and thus that review by that court was not "available" to him within the meaning of the statute and O'Sullivan. He relies for this argument on Minnesota Rule of Criminal Procedure 29 and Dolny v. Erickson, 32 F.3d 381 (8th Cir. 1994).

Rule 29 does not address the presentation of pro se arguments to the Minnesota Supreme Court. It does, however, provide that review in the Minnesota Supreme Court is discretionary. See Minn. R. Crim. P. 29.04, subd. 4 (providing that the Minnesota Supreme Court "may exercise discretionary review of any Court of Appeals' decision" and setting forth criteria that "may be considered" in determining whether to grant discretionary review). Petitioner's argument thus appears to be that, because review in the Minnesota Supreme Court is discretionary, rather than mandatory, it is not "available" within the meaning of the habeas statute and he was not required to seek that review prior to filing a federal habeas

petition.

This exact argument was foreclosed by O'Sullivan, and indeed O'Sullivan specifically abrogated the Eighth Circuit's holding in Dolny, on which Petitioner also relies. See Dixon v. Dormire, 263 F.3d 775, 776 (8th Cir. 2001) (recognizing that O'Sullivan abrogated Dolny). The Supreme Court stated unequivocally: "we conclude that state prisoners must give the state courts on full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Further, "[i]n the words of the [habeas] statute, state prisoners have 'the right . . . to raise' their claims through a petition for discretionary review in the State's highest court." Id. (quoting 28 U.S.C. § 2254(c)). The fact that the state's highest court may decide not to hear those claims is immaterial; what matters is whether the habeas petitioner presented those claims to each level of the state appellate process. Id.

Here, there is no question that Petitioner did not present the claims raised in his habeas petition to the Minnesota Supreme Court in seeking review of the Minnesota Court of Appeals' decision. Thus, as the R&R found, the claims in the habeas petition are procedurally defaulted and the federal courts may not consider them. The Petition must be dismissed.

The R&R is also correct that a certificate of appealability should not issue in this matter. The principles here are not "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Rather, it is well-settled, and has been so for more than 10 years, that a state prisoner must present all of his claims to all levels of review in the state

courts before he can ask the federal courts to grant him habeas relief.  The issues Petitioner raises are not "colorable issue[s] worthy of an appeal."  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  The Court will not grant a certificate of appealability.

    Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 36) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This matter is **DISMISSED with prejudice**; and

4. A certificate of appealability will **NOT** issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: Thursday, June 16, 2011

                                      *s/ Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge